UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Courtney Lynne Medina,

    Plaintiff,

v.                                        Case No. 15-11895
                                          Honorable Sean F. Cox
                                          Magistrate Judge Mona K. Majzoub

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Courtney Lynne Medina ("Plaintiff") brought this action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") determination that she is not entitled to social security benefits for her mental impairments under 42 U.S.C. § 405(g). (Doc. #1).

Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #14, Pl.'s Br. and Doc. #17, Def.'s Br.). All proceedings in this case were referred to Magistrate Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #3).

On July 7, 2016, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that the Court DENY Defendant's Motion for Summary Judgment, GRANT Plaintiff's Motion for Summary Judgment, and REVERSE and REMAND the decision of the Commissioner for an award of benefits. (Doc. #20, R&R at 1). Defendant filed a timely objection to the July 7, 2016 R&R on July 21, 2016. (Doc. #21, Def.'s Obj.).

1

Plaintiff timely responded to Defendant's objection on August 2, 2016. (Doc. #22, Pl.'s Resp.)

The Court finds Defendant's objection to be without merit. The Court shall therefore **ACCEPT AND ADOPT** the R&R, **GRANT** Plaintiff's Motion for Summary Judgment, and **DENY** Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her summary judgment motion, Plaintiff argued that this matter should be reversed for an award of benefits under sentence four because: (1) the Administrative Law Judge ("ALJ")

committed reversible error by failing to give "great and controlling weight" to Plaintiff's treating psychiatrist; (2) the ALJ failed to comply with the Remand order of this Court requiring the ALJ to give controlling weight to the medical restrictions and opinions of the treating physician, or give "good reasons" for rejecting that opinion; and (3) Plaintiff was, and remains, totally and permanently disabled and is therefore entitled to an award of benefits under the Social Security Act. (Pl.'s Br. at 1-2).

Defendant cross-motioned for summary judgment arguing that: (1) the ALJ sufficiently addressed the medical opinions of Plaintiff's treating physicians; and (2) that in the event that the ALJ did err, remand for a new hearing would be the appropriate remedy since the standard set forth in *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. App'x 852, 865 (6th Cir. 2011) was not met. (Def.'s Br. at 21).

Magistrate Judge Majzoub recommended that the Court grant Plaintiff's motion and deny Defendant's motion because she found that the ALJ had failed to offer sufficiently good reasons when he discounted Plaintiff's treating physician's (Dr. Raval) opinion and assigned it little weight. (R&R at 12). After considering the record, Magistrate Judge Mazjoub concluded that the proper procedure upon remand was to reverse the decision and award benefits to Plaintiff. (R&R at 16).

Defendant has lodged one objection to Magistrate Judge Majzoub's July 7, 2016 R&R. Namely, that remand for an award of benefits is not warranted. (Def.'s Obj. at 2). For the reasons more fully developed below, the Court finds Defendant's objection to be without merit. Moreover, the Court agrees with the Magistrate Judge's analysis as to the challenged issue.

As an initial matter, the Court notes that Magistrate Judge Mazjoub correctly stated that

reversal for an award of benefits is appropriate "when 'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.'" (R&R at 15-16) (quoting *Faucher, v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Entitlement to benefits can be established if "'the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.'" (R&R at 16) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

> Defendant's objection asserts that:
>
> Magistrate Judge Majzoub failed to point to proof of disability so strong as to establish Plaintiff's entitlement to benefits. Instead, by assessing the evidence as she did, Magistrate Judge Majzoub, identified, at most, conflicting evidence that the ALJ should be allowed to evaluate such that remand for further proceedings is the more appropriate remedy.

(Def.'s Obj. at 3). In making this argument, however, Defendant appears to misconstrue the Magistrate Judge's R&R. The Magistrate Judge did not identify conflicting evidence. To the contrary, Magistrate Judge Mazjoub found that "there are no countervailing or contradictory medical opinions in the record to which the ALJ pointed in support of his almost wholesale rejection of the treating physician's opinions." (R&R at 14) (citing *Kalmbach*, 409 Fed. App'x at 862). It is worth noting that even Defendant fails to cite any evidence in the record, which contradicts the Magistrate Judge's findings.

Rather than point to a specific deficiency in the Magistrate Judge's reasoning, Defendant ignores the reasons underlying Magistrate Judge Mazjoub's conclusions. Specifically, the Magistrate Judge found that:

> After considering Dr. Raval's records and opinions, plaintiff's own testimony regarding her mental condition, together with additional record evidence of hospitalizations and severe mental psychosis, the undersigned concludes that there exists strong evidence that plaintiff's combined impairments meet or exceed

> a listed impairment under the Social Security regulations. As noted above, two vocational experts have testified that accepting Dr. Raval's limitations would preclude all competitive work. And, there effectively is no competing medical evidence, which makes any denial of benefits on remand in this case unsupportable by substantial evidence. As such, the appropriate procedure upon remand is to reverse the decision of the Commissioner and award benefits to the plaintiff.

*Id.* at 16.

Defendant also argues that the Magistrate Judge fails to identify which listed impairment is met under the regulations. This point is not persuasive. Defendant fails to cite authority for the proposition that the Magistrate Judge must identify a listed impairment in order to conclude that proof of disability is strong.[1]

As such, Defendant has not presented any argument that persuades this Court to reject Magistrate Judge Mazjoub's resolution of the challenged issue. For the reasons stated here and the reasons outlined in the R&R, Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the July 7, 2016 R&R. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**. The Court shall therefore **REVERSE** and **REMAND** the decision of the Commissioner for an award of benefits.

---

[1] It is also worth noting that, here, the ALJ concluded that Plaintiff suffered from the following severe impairments: depression; mood disorder; bipolar disorder; post-traumatic stress syndrome; anxiety; borderline personality disorder; and oppositional defiant disorder. (R&R at 3) (citing Tr. 393). The ALJ consequently determined that Plaintiff was not disabled *because* she was capable of performing a significant number of jobs in the national economy. *Id.* at 4 (citing Tr. 408). But, as Magistrate Judge Mazjoub pointed out, two vocational experts testified that accepting Dr. Raval's limitations would preclude all employment. In rejecting Dr. Raval's opinion, the ALJ failed to cite any conflicting evidence in the record. In light of this, proof of disability is strong.

**IT IS SO ORDERED.**

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: August 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2016, by electronic and/or ordinary mail.

                                          S/Shawna C. Burns
                                          Case Manager